IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Willie Zimmerman, ) | C/A No.: 3:16-2452-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Bank of America, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Willie Zimmerman ("Plaintiff"), proceeding pro se, filed this case on June 1, 2016, in the Court of Common Pleas for Richland County, South Carolina. *See* Compl.[1] Defendant Bank of America, N.A. ("BANA"), removed the case to this court on July 7, 2016. [ECF No. 1]. This matter comes before the court on BANA's motion to dismiss. [ECF No. 5]. The motion having been fully briefed [ECF No. 15], it is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned recommends the court grant the motion to dismiss with leave for Plaintiff to file an amended complaint as to the claim for negligent misrepresentation.

I.     Factual Background

On September 21, 2012, a state court in Richland County, South Carolina, ("Richland County Court"), entered a final judgment of foreclosure related to the subject

---

[1] Plaintiff's complaint may be found at ECF No. 1-1.

property in favor of BANA, the holder of the related promissory note and deed of trust. [ECF No. 5-2].[2] On April 1, 2013, Plaintiff was the highest bidder at the foreclosure sale ("First Sale"), and the property was awarded to him, provided that he complied with his bid. Compl. ¶3. Plaintiff encountered difficulties in securing the necessary financing to comply with the bid and requested that BANA accept $10,800 less than the amount of his bid, and BANA agreed. [ECF No. 5-2]. The Richland County Court rejected the agreement between Plaintiff and BANA to reduce the amount of the bid and ultimately vacated the First Sale because Plaintiff failed to comply with the original bid. *Id*.

On September 3, 2013, Plaintiff again was the highest bidder at the second foreclosure sale ("Second Sale") and deposited five percent of the sale price. [ECF No. 5-4]. Plaintiff did not comply with the terms of his bid and the Richland County Court vacated the Second Sale. *Id*. Plaintiff appealed the decision to vacate both sales to the South Carolina Court of Appeals, arguing: (1) that the First Sale should not have been vacated because he did not cause the mistake that led to it having been vacated, and (2) that the bid price was not so inadequate as to shock the conscience to warrant setting aside either sale. [ECF No. 5-5]. The Court of Appeals affirmed the Richland County Court's orders and rejected both of Plaintiff's arguments because Plaintiff failed to properly appeal the order vacating the First Sale and failed to raise the issue of the adequacy of price in the Richland County Court. *Id*. Plaintiff filed the instant action

---

[2] The court may take judicial notice of court records. See *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

against BANA on June 1, 2016, alleging a cause of action for negligent misrepresentation related to the agreement between Plaintiff and BANA to reduce the bid amount. Plaintiff's second cause of action requests that this court reinstate the First Sale.

II. Discussion

    A. Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

    B. Analysis

        1. Negligent Misrepresentation

            a. Doctrine of Collateral Estoppel

BANA argues Plaintiff is collaterally estopped from re-litigating the issue of "whether BANA actually made an enforceable agreement to reduce the bid amount."

[ECF No. 5-1 at 7].. BANA argues that this issue was litigated and determined in state court proceedings. In support, BANA submits the Richland County Court's order that states:

> [BANA] negotiated with Mr. Zimmerman without notifying the Court or the mortgagor. [BANA] agreed to change the public record and accept a lower bid, even though it has no authority to change the public record. Mr. Zimmerman contacted the Court to complain about [BANA's] demand that his 5% deposit paid to the Court be forfeited.
>
> The foreclosure sale of the subject property is void and is of no force and effect and the sale is set aside.

[ECF No. 5-3]. It is not clear from the Richland County Court's order that the issue of whether BANA made a false representation was either litigated or determined by the state court. Although the order notes that BANA agreed to change the public record and that BANA had no authority to change the public record, it does not discuss the substance of the agreement between Plaintiff and BANA. For instance, it does not discuss whether court approval was a prerequisite to the agreement. Therefore, on the record currently before the court, the undersigned is not persuaded that Plaintiff's claim for negligent misrepresentation is precluded by the collateral estoppel doctrine.

            b.        Insufficient Factual Allegations

BANA also argues that Plaintiff has failed to sufficiently plead a cause of action for negligent misrepresentation. To establish liability for negligent misrepresentation, the plaintiff must show: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the

defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation. *Sauner v. Pub. Serv. Auth. of S.C.*, 581 S.E.2d 161, 166 (S.C. 2003). "Evidence of a mere broken promise is not sufficient to prove negligent misrepresentation." *Id*. (citing *Winburn v. Ins. Co. of N. America*, 339 S.E.2d 142, 147 (S.C. Ct. App. 1985)). Here, Plaintiff has not alleged the elements of negligent misrepresentation.

Most importantly, Plaintiff has not alleged a specific false representation made to him by BANA. In his complaint, Plaintiff alleges only that he sent an "email request" to BANA's lawyer on May 9, 2013, but does not specify the substance of the request. Compl. ¶ 5. He also alleges "On or about May 14, 2013, [Plaintiff] received a commitment for a $10,200 gift, but [he] waited to hear back from Bank of America foreclosure team." *Id*. at ¶ 6. He also alleges he received an "Approval Email" on June 18, 2013, but does not provide the substance of the email. *Id*. at ¶ 10. Therefore, the allegations of Plaintiff's complaint are insufficient to determine the false representation BANA allegedly made to him. Plaintiff has also failed to allege facts to support the remaining elements of a cause of action for negligent misrepresentation. Therefore, the undersigned recommends Defendant's motion to dismiss Plaintiff be granted as to Plaintiff's negligent misrepresentation claim.

    2.    Petition to Reinstate Sale

The *Rooker-Feldman* doctrine prevents a federal district court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court

5

judgment rendered before the district court proceedings commenced.[3] *Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Lance*, 546 U.S. at 463; *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257. The Fourth Circuit Court of Appeals has identified the pertinent inquiry as whether the plaintiff's injury is caused by the state court judgment itself. *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006). If the state court judgment caused the plaintiff's injury, the claim is barred, but a claim alleging another source of injury is an independent claim. *Id*.

Here, Plaintiff's alleged injury was caused by the state court's decision to vacate the sales to Plaintiff. For instance, his complaint alleges: "Despite clear and convincing law that these sales should not have been set aside due to an error which was no fault of the successful bidder, the sale to the Buyers was cancelled." [ECF No. 1-1 at ¶ 24]. Therefore, the court is without jurisdiction to consider Plaintiff's challenge to the state court's judgment canceling the First Sale and Second Sale, and the undersigned recommends this cause of action be dismissed.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant the motion to dismiss [ECF No. 5]. Fourth Circuit precedent constrains the undersigned to recommend that the dismissal of Plaintiff's claims be without prejudice with leave to file

---

[3] The name originates from two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

an amended complaint within 15 days of the district court's order on BANA's motion to dismiss. *See Ostrenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects"). If the district judge accepts this recommendation and Plaintiff fails to file an amended complaint within 15 days of the district court's order on the motion to dismiss, the undersigned recommends dismissing this action in its entirety with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 1, 2016                                Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).