IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Willie Zimmerman, | C/A No. 3:16-2452-JFA-SVH |
| Plaintiff, | |
| v. | **ORDER** |
| Bank of America, N.A., | |
| Defendant. | |

## I. INTRODUCTION

The plaintiff, Willie Zimmerman, ("Zimmerman" or "Plaintiff"), proceeding pro se, originally filed this action for negligent misrepresentation and petition to reinstate a foreclosure sale, in the Richland County Court of Common Pleas. Defendant Bank of America, N.A. ("Defendant" or "BANA"), then removed the case to this court on July 7, 2016. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge. Thereafter, BANA filed a motion to dismiss for failure to state a claim. (ECF No. 5).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Defendant's motion to dismiss should be granted

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

with leave to file an amended complaint as to the claim for negligent misrepresentation. (ECF No. 16). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on December 1, 2016. Plaintiff filed objections to the Report on December 16, 2016, (ECF No. 19), and Defendant failed to file a reply within the time allotted. Thus, this matter is ripe for review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**II.   DISCUSSION**

Here, Plaintiff makes vague and generalized objections to the dismissal of his negligent misrepresentation claim. Although vague, three objections are discernable within Plaintiff's memorandum. However, each objection is without merit.

Initially, Plaintiff objects to the application of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff offers no support for this objection other than to say "[t]he complaint filed by Plaintiff contained detailed factual matter. The factual matter was accepted as true because it was

2

from the record of Court Proceedings. The facts were the facts and the results of the factual situation lead to the misrepresentation by Defendant." (ECF No. 19 p. 2). This objection fails to elucidate any error in the Report. Additionally, the Magistrate Judge correctly applied the standard required for a motion to dismiss for failure to state a claim by stating "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (ECF No. 16 p. 3) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Therefore, this objection is without merit.

Secondly, Plaintiff objects to the finding that "the doctrine of collateral estoppel does not preclude the court to hear this action." (ECF No. 19 p. 3). Initially, it is curious that Plaintiff would object to this conclusion because a finding to the contrary would completely prohibit Plaintiff's claim for negligent misrepresentation. However, the Magistrate Judge correctly concluded that the doctrine of collateral estoppel was not supported by the record because the Richland County Court's Order issued in the previous foreclosure case did not specifically address whether BANA ever made a false misrepresentation. (ECF No. 16 p. 2–3).

Finally, Plaintiff appears to object to the finding that his complaint contains insufficient factual allegations to support a claim for negligent misrepresentation. In support of this contention, Plaintiff merely states that "he plead a case and stated a claim for which relief can be granted." (ECF No. 19 p. 3). This conclusory statement is unpersuasive. The Magistrate Judge correctly stated the elements for negligent misrepresentation and indicated that Plaintiff failed to allege those elements within his complaint. (ECF No. 16 p. 4–5). Additionally, Plaintiff's complaint fails to identify any specific false representation made by BANA. *Id.* Accordingly, the Magistrate Judge correctly concluded that Plaintiff's claim for negligent misrepresentation should be dismissed for failure to state a claim.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 16) and **GRANTS** Defendant's motion to dismiss. (ECF No. 5). Plaintiff's claims are dismissed without prejudice with leave to file an amended complaint within 30 days of entry of this order. Should Plaintiff fail to timely file an amended complaint, this action, in its entirety, will be dismissed with prejudice.

IT IS SO ORDERED.

January 26, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge